SARAH C. OLSEN v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

November 29, 1907.

Nos. 15,351—(100).

**Accident at Crossing—Contributory Negligence.**

The evidence does not conclusively establish the fact that respondent's son, a boy eleven years of age, was guilty of contributory negligence in not discovering and avoiding collision with a freight car while he was crossing appellant's railway tracks on a public highway.

**Charge to Jury.**

Whether, as a matter of law, the boy was a trespasser upon appellant's right of way, if he was crossing the tracks on the public highway with the intention of going upon the company's property for the purpose of picking up scattered coal, is not decided; but, conceding such to be the law, the court substantially so charged the jury, and no error was committed in refusing appellant's request with reference to the same question.

[1] Reported in 113 N. W. 1010.

Action in the district court for Freeborn county by Sarah C. Olsen, substituted plaintiff in place of Nels Olsen, to recover $15,000 damages for injuries sustained by her minor son. The case was tried before Kingsley, J., and a jury which returned a verdict in favor of plaintiff for $2,500. From an order overruling its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*John I. Dille, N. E. Peterson,* and *Geo. W. Seevers,* for appellant.
*Morgan & Meighen,* for respondent.

LEWIS, J.

Respondent's son, Ony Olsen, was injured while upon appellant's railroad track in the city of Albert Lea. It was conceded at the trial that the boy was struck by a freight car, and the principal controversy was whether he was on a public highway crossing, or upon the company's right of way north of the crossing. In the one case the company owed him the duty common to travelers upon a public highway crossing, and in the other case he was a trespasser. The question was submitted to the jury, and they returned a verdict for respondent.

Conceding, for the purposes of this appeal, that the evidence was sufficient to justify the jury in finding that the boy was within the limits of the highway at the time he was injured, appellant claims that it conclusively appears from the evidence that he was guilty of contributory negligence.

Briefly stated, according to the testimony of the boy, he was about eleven years old, and lived with his parents within about a block of the railroad tracks; had frequent occasion to go across the tracks; and, with other children, was in the habit of going on the right of way and picking up scattered coal. On the day in question he left his home about half past eleven o'clock to go with a neighbor's boy, Tom McGovern, who delivered milk to the ragpicker living on the other side of the tracks, and, as Tom was not quite ready, Ony walked on ahead in a northwesterly direction, just a little north of the stockyards, until he came to the railroad, which he followed up to the crossing, and said he looked north and south and did not see any cars, but that he saw an engine standing in the yards north of the Milwaukee tracks letting off steam; that when he came to the crossing he turn-

ed, passed over the first track, and had reached the farther rail of the switch track, when a freight car, which had been kicked in from the south over the switch, knocked him down and ran over his foot. The switchman testified that at the time the boy passed the switch stand a switch engine was switching some cars from the stockyards to the main track leading to the north, and that he did not notice what became of the boy after he passed the switch stand until he saw him at a point north of the highway. Tom McGovern, a boy of nineteen years, testified that he passed upon the right of way and walked up to the right of the tracks, passed the switch tender, and while between the switch and crossing he heard Ony scream and saw him coming towards him, hopping on one leg, across the tracks, on the crossing, coming east; that he saw the car which had been kicked down from the stockyard track over the switch; that it passed without making any noise; and that he heard no signals. There was some dispute between the different witnesses as to whether or not the proper signals had been given; but it was conceded, so far as this appeal is concerned, that appellant was guilty of negligence in failing to give the proper signals or warnings to passengers upon the highway.

The claim that the boy was guilty of contributory negligence is based on the testimony of the switchman that the switch engine was switching cars on the track immediately in front of the boy as he passed from his house to the west onto the railroad right of way, and that therefore he must have known that cars were being sent over the crossing at that time. It appears from the record that there was a path on the right of way east of the tracks leading from near the stockpens to the highway. Conceding that the boy was a trespasser while traveling along this path until he came to the highway, the evidence in the case does not conclusively show that he was guilty of contributory negligence because he did not observe and see the car as it was kicked down over the switch. It does not appear how rapidly he was walking after he had reached the highway, or exactly at what point he was when the car was turned in at the switch. It does not appear how many cars were in the string to which it had been attached, but the switch engine was located at the southerly end of the string of cars, and consequently might have been at such a distance west as not to attract the attention of the boy while upon the highway.

It is a matter of common knowledge that a single freight car might be kicked off in that manner and travel a considerable distance with but little, if any, noise, and Tom McGovern testified that this car made no noise. In this case the boy had almost gotten across the tracks when the car struck him, and, as has been stated, he testified that while on the path, and before crossing, he looked up and down the tracks, but saw no cars. The jury were not obliged to accept the testimony of the switchman, and under all the circumstances it was eminently a question for the jury to determine whether the boy was in the exercise of the proper degree of care, commensurate with his age and discretion.

Appellant requested the court to instruct the jury that if they should find from the evidence that Ony Olsen went upon the right of way of the defendant between the stockyards and the highway crossing, and walked to the north on the right of way to the highway, and started across the wagon road with the intention of continuing north on the defendant's right of way, then he was a trespasser, and not entitled to recover, even though they should further find that he was upon the wagon road at the time he was struck by the car and injured. The court refused this instruction, and the refusal was assigned as error. The court charged the jury that if the boy was going upon an errand to the ragpicker's on the opposite side of the tracks, and was injured while crossing the railroad company's property at the highway crossing in the manner stated, then he was not a trespasser; but if they should find that the boy followed the path to the highway, and thence across the highway, and that his destination was the coal shed, for the purpose of gathering up coal alongside the track, then he would be a trespasser, although he was hurt while on the highway. Conceding the proposition of law to be correct as laid down by the learned trial court, which at this time we have no occasion to determine, it substantially covered the proposition submitted in the requested instruction, and no error was committed in refusing the request.

Affirmed.